**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
**In The Court of Appeals**

The State, Respondent,

v.

Levario M. Hampton, Appellant.

————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

————

Unpublished Opinion No. 2012-UP-398
Submitted May 1, 2012 – Filed July 11, 2012

————

**AFFIRMED**

————

Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch

Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Levario M. Hampton appeals his convictions of armed robbery and possession of a weapon during the commission of a violent crime, arguing the trial court erred in denying his motion for a directed verdict because the State's evidence amounted only to a mere suspicion he was guilty. Because Hampton's accomplice testified Hampton committed the armed robbery and other testimony and circumstantial evidence corroborated it, we affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Weston, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); id. at 292-93, 625 S.E.2d at 648 (stating an appellate court views the evidence and all reasonable inferences in the light most favorable to the State when reviewing a denial of a directed verdict and must find the case was properly submitted to the jury if any direct evidence or any substantial circumstantial evidence reasonably tends to prove the guilt of the accused); State v. Needs, 333 S.C. 134, 144, 508 S.E.2d 857, 862 (1998) ("[T]he jury is the judge of which contradictory statement of the witness is the truth." (citation and internal quotation marks omitted)); State v. Smith, 363 S.C. 111, 115, 609 S.E.2d 528, 530 (Ct. App. 2005) ("The weight of the evidence is a question for the jury.").

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.